IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2006 APR 13 P 3:03



| | |
|---|---|
| EMILY L. CAMERON,<br><br>  Plaintiff,<br><br>v.<br><br>OFFICER STEVE CHRISTIAN, JESUS CAZARES #165, DETECTIVE CONTRERAS #2004, SERGEANT MATA #3078, T. WHITLEY #3268 and the CITY OF SAN ANTONIO,<br><br>  Defendants. | No.<br><br>SA06CA0325 FB |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit OFFICER STEVE CHRISTIAN, JESUS CAZARES #165, DETECTIVE CONTRERAS #2004, SERGEANT MATA #3078, T. WHITLEY #3268 (hereinafter, the "DEFENDANT OFFICERS") and the CITY OF SAN ANTONIO:

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### PARTIES

2. Plaintiff EMILY CAMERON is a resident of the State of New Hampshire and a citizen of the United States.

1

3. The DEFENDANT OFFICERS were at all times relevant hereto officers of the CITY OF SAN ANTONIO.

4. On or about May 1, 2004, DEFENDANT CHRISTIAN arrested and injured Plaintiff, by beating, choking and strangling her, causing her to lose consciousness. This conduct constituted an unreasonable seizure of the Plaintiff in violation of the Fourth Amendment to the United States Constitution.

5. On or about May 1, 2004, the Plaintiff did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

6. The use of force initiated by DEFENDANT CHRISTIAN and the failure to intervene in the use of said force by DEFENDANT OFFICERS, caused an excessive amount of force to be inflicted onto the body of the Plaintiff. Said force was unreasonable and unnecessary.

7. The Plaintiff was arrested and charged with criminal charges by the DEFENDANT OFFICERS notwithstanding the fact that Plaintiff, on said day, had not committed an act contrary to the laws of the State of Texas. Further, the DEFENDANT OFFICERS failed to witness the Plaintiff commit an illegal act of any sort.

8. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, Plaintiff was caused to suffer serious and permanent personal injury, pain, suffering and mental anguish at the time of the incident, now and in the future.

9. On or about May 1, 2004, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and duly appointed and were sworn police officers for the CITY OF SAN ANTONIO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of their employment and while they were on duty. The DEFENDANT OFFICERS are sued in their individual capacity.

10. Also, the DEFENDANT OFFICERS conspired to injure the Plaintiff by:

   a. agreeing not to report each other after witnessing him being beaten;

   b. collectively beating and/or failing to intervene in the beating.

   c. generating false documentation to cover-up for their own misconduct.

11. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about the date of the Plaintiff's arrest, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused the Plaintiff to be charged with criminal allegations, incur financial loss, including attorney's fees and, inter alia, suffer emotional damage.

12. It is the custom, practice and policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF SAN ANTONIO to perform the following acts and/or omissions in connection with excessive force and/or false arrest:

   a. police officers for the CITY OF SAN ANTONIO generate false documentation to cover-up for the misconduct of fellow police officers.

   b. police officers for the CITY OF SAN ANTONIO engage in acts of excessive force and false arrest with innocent civilians.

   c. supervisory officers from the CITY OF SAN ANTONIO fail to properly discipline officers from said police department that have committed an act of excessive force and/or false arrest upon another;

   d. supervisory officers from the CITY OF SAN ANTONIO fail to properly investigate a complaint of excessive force and/or false arrest, perpetrated by a CITY OF SAN ANTONIO police officer, upon another;

13. Supervisory individuals from the CITY OF SAN ANTONIO fail to take proper remedial action against a CITY OF SAN ANTONIO police officer once it is determined that an act of

excessive force and/or false arrest has been committed by said officer, upon another. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF SAN ANTONIO for a significant period of time, so much so, that police officers for the CITY OF SAN ANTONIO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF SAN ANTONIO in order to permit said conduct to re-occur.

14. A code of silence exists between the officers of said police department so as to obstruct the legal process (i.e. preventing the free flow of honest information with regard to acts of misconduct).

15. The actions of the DEFENDANT OFFICERS in engaging in the above-referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against the Plaintiff, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly against the Plaintiff, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

16. In connection with the Equal Protection Claim, the Plaintiff is a member of a protected class (a potential plaintiff to a cause of action) and she was treated differently as a result of having a potential claim against the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating the Plaintiff differently, trying to cause further injury to Plaintiff by illegally generating false evidence against and criminally charging Plaintiff, specifically due to her status as a person who was involved in an incident and a victim of excessive force and/or other police misconduct with the DEFENDANT OFFICERS. Further, Plaintiff was similarly situated to other individuals involved in

incidents with police officers but that were not the victims of excessive force and/or other police misconduct.

17. The CITY OF SAN ANTONIO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers referred to in this Complaint, as indicated in the Monell claim alleged herein. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF SAN ANTONIO.

## COUNT I
### §1983 Excessive Force as to DEFENDANT CHRISTIAN

18. Plaintiff re-alleges paragraphs 1 – 17 as though fully set forth herein.

19. The actions of the DEFENDANT OFFICERS amount to an excessive use of force onto the Plaintiff. This conduct violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizure.

20. The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages from the DEFENDANT OFFICERS. Plaintiff also demands punitive damages, costs and attorney's fees against said Defendants. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest as to ALL DEFENDANT OFFICERS

21. Plaintiff re-alleges paragraphs 1 – 17 as though fully set forth herein.

22. The actions of the DEFENDANT OFFICERS caused the arrest of the Plaintiff without probable cause to believe that Plaintiff had committed criminal activity. The DEFENDANT OFFICERS' conduct was in violation of the Fourth Amendment to the United States Constitution.

23. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and attorney's fees. Plaintiff also demands whatever additional relief this Court deems equitable and just.

### COUNT III – *Monell* as to ALL DEFENDANTS

24. Plaintiff re-alleges paragraphs 1 – 17 as though fully set forth herein.

WHEREFORE, Plaintiff demands compensatory damages against the CITY OF SAN ANTONIO, costs and attorney's fees. Plaintiff also demands whatever additional relief this Court deems equitable and just.

WHEREFORE, Plaintiff demands compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and whatever additional relief this Court deems equitable and just.

### COUNT IV
### § 1983 Conspiracy Claim as to ALL DEFENDANT OFFICERS

25. Plaintiff re-alleges paragraphs 1 – 17 as though fully set forth herein.

26. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the laws set forth in the United States Constitution, inter alia the Fourth and Fourteenth Amendment.

WHEREFORE, Plaintiff demands compensatory damages from the DEFENDANT OFFICERS, punitive damages and attorney's fees and costs. Plaintiff also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### Equal Protection as to ALL DEFENDANT OFFICERS

27. Plaintiff re-alleges paragraphs 1 – 17 as though fully set forth herein.

28. The actions of THE DEFENDANT OFFICRS violate the Equal Protection clause to the United States Constitution.

29. The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages from the DEFENDANT OFFICERS, punitive damages and attorney's fees and costs. Plaintiff also demands whatever additional relief this Court deems equitable and just.

Plaintiff Demands Trial by Jury.

Respectfully Submitted,

_____
Blake Horwitz
One of the Attorneys for Plaintiff

**THE LAW OFFICES OF BLAKE HORWITZ, LTD.**
Blake Horwitz, Esq.
Amanda Yarusso, Esq.
Tali Albukerk, Esq.
155 N. Michigan, Suite 714
Chicago, IL 60601
(312) 616-4433
(312) 565-7173 (Fax)